**UNITED STATES DISTRICT COURT**
**DISTRICT OF MAINE**

| | | |
|---|---|---|
| **WILLIAM MORGAN,** | ) | |
| | ) | |
| **Plaintiff** | ) | |
| | ) | |
| **v.** | ) | **No. 2:22-cv-00232-JDL** |
| | ) | |
| **CMG MORTGAGE INC.,** | ) | |
| | ) | |
| **Defendant** | ) | |

**ORDER**

The parties have filed a joint motion to amend the scheduling order. *See* ECF Nos. 13, 14. The motion is ***GRANTED IN PART*** and the deadlines are extended as follows:

Deadline for initial disclosures: November 1, 2022

Deadline for amendment of pleadings/joinder of parties: December 13, 2022

Deadline for Plaintiff to designate experts: March 13, 2023

Deadline for Defendant to designate experts: April 17, 2023

Deadline to complete discovery: May 15, 2022

Deadline to file Local Rule 56(h) notice: May 22, 2023

Deadline to file dispositive/*Daubert*/*Kumho* motions: June 5, 2023

Trial ready date: July 5, 2023[1]

Deadline for Plaintiff to make written settlement demand: May 1, 2023

---

[1] The parties proposed July 30, 2023, as the trial ready date, *see* ECF No. 13 at 3, but the trial ready date for that month is actually July 5, 2023, which is also more consistent with the usual timeframe between the deadline for dispositive motions and the start of trial.

<u>Deadline for Defendant to respond to settlement demand</u>: May 15, 2023

I decline to set the parties' other suggested deadlines because they are unnecessary for the Court to track (e.g., a deadline for the filing of an e-discovery "report or agreement") or will be set later in the case (e.g., deadlines for witness and exhibit lists).

Finally, the parties also request permission to conduct ten depositions each "given the numerous corporate entities involved in the case" as well as the number investigators "involved in investigating the Plaintiff's many notices of error submitted to the Defendant." ECF No. 13 at 3. These somewhat vague reasons do not convince me that this case calls for double the normal number of depositions. Nevertheless, giving some credit to the parties' concerns, I will permit each side to take <u>seven depositions</u>. The number of interrogatories, requests for admission, and requests for production permitted shall remain unchanged.

## ***NOTICE***

***In accordance with Federal Rule of Civil Procedure 72(a), a party may serve and file an objection to this order within fourteen (14) days after being served with a copy thereof.***

***Failure to file a timely objection shall constitute a waiver of the right to review by the District Court and to any further appeal of this order.***

Dated: October 21, 2022

/s/ Karen Frink Wolf
United States Magistrate Judge